IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID A. GABALDON,

Plaintiff,

v.                                                                No. 17cv144 JCH/WPL

BERNALILLO COUNTY SHERIFF'S OFFICE, et al.,

Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Complaint, Doc. 1, filed January 31, 2017, and on his Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 31, 2017 ("Application").  For the reasons stated below, the Court will **DISMISS** this case **without prejudice** and **DENY** the Application as moot.

Plaintiff's Complaint, which is difficult to understand, alleges that Defendant asked for a criminal background check on himself, and that the records departments of Defendants Albuquerque Police Department, Bernalillo County Sheriff's Office, Santa Fe County Sheriff's Office and the Second Judicial District Court overcharged Plaintiff for copies of his records and did not provide "all the information."  Complaint at 2-3.  Plaintiff also alleges that "on all police report I made, no one did proper investigation."  Complaint at 2.  Plaintiff was also "upset" after an encounter on December 12, 2016, with Albuquerque Police Department officer who apparently refused to file a "report" that Plaintiff had typed.  Complaint at 3.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").  Plaintiff's Complaint

does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure.

The Court does not have diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. *See Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988). In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). Here, Plaintiff and Defendants Bernalillo County Sheriff's Office, Albuquerque Police Department, Albuquerque Emergency Management Office, Santa Fe County Sheriff's Department, New Mexico State Police, and the Second Judicial District Court reside in New Mexico.

Plaintiff's Complaint does not contain any allegations that show a basis for federal question jurisdiction. A claim may be brought in federal court if the claim is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When determining whether a claim arises under federal law, courts examine the well pleaded allegations of the complaint and ignore potential defenses. *See Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003). "A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Id.* (federal courts typically do not have jurisdiction under 28 U.S.C. § 1331 when

a plaintiffs' complaint does not assert any cause of action premised upon a violation of a federal statute or the Constitution).

Although Plaintiff cites 22 federal statutes or regulations at the beginning of his Complaint, he does not explain how they demonstrate that the Court has federal question jurisdiction. *See* Complaint at 2. Based on its review of those federal laws and the factual allegations, the Court concludes it does not have federal question jurisdiction for the following reasons.

Four of the cited statutes relate to crimes and criminal procedure. *See* 18 U.S.C. § 3663A, Mandatory restitution to victims of certain crimes; 18 U.S.C. § 1512, Tampering with a witness, victim, or an informant; 18 U.S.C. § 1519, Destruction, alteration, or falsification of records in Federal investigations and bankruptcy; 18 U.S.C. § 1505, Obstruction of proceedings before departments, agencies, and committees. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986).

Plaintiff cites 18 U.S.C. § 73, but there is no such statute. Plaintiff also cites 29 U.S.C. § 15 which has been repealed.

Plaintiff alleges he was overcharged for copies, but the federal regulation he cites does not apply to Defendants. *See* 24 C.F.R § 16.12 (sets fees for copies made of Department of Housing and Urban Development records pursuant to the Privacy Act).

There are no factual allegations in the Complaint that show the following statutes and regulations cited by Plaintiff are relevant: 42 U.S.C. § 10602 (authorizes annual grants from the crime victims fund to eligible crime victim compensation programs); 42 U.S.C. § 3796dd (grants the Attorney General authority to make public safety and community policing grants);

47 U.S.C. § 222 (imposes duty on telecommunication carriers to protect confidentiality of proprietary information of customers); 47 C.F.R § 90.405 (identifies permissible communications for private land mobile radio services); 47 C.F.R § 27.64 (protects radio stations from interference by wireless communications service stations); 47 U.S.C. § 333 (prohibits willful and malicious interference with radio communications); 5 C.F.R § 1 (Office of Personnel Management civil service rules); 5 C.F.R § 330 (Office of Personnel Management rules regarding recruitment, selection and placement); 5 C.F.R § 731 (Office of Personnel Management rules establishing criteria and procedures for making determinations of suitability and for taking suitability actions regarding employment); 6 C.F.R § 37.45 (requires states to subject persons involved in the manufacture or production of REAL ID licenses and identification cards to a background check); 28 C.F.R § 25.6 (describes procedure for accessing records of criminal background checks in connection with a proposed firearm transfer as required by the Brady Act).

Plaintiff cites three titles of federal regulations but does not identify the specific section of those titles. *See* 21 C.F.R (Food and drug administration, Title 21 has 1402 sections); 40 C.F.R (Environmental protection, Title 40 has 1850 sections); 45 C.F.R (Department of Health and Human Services, Title 45 has 2555 sections). Plaintiff also refers to the "Public Safety Act" but does not provide a citation specifically identifying the Act. The Court will not comb the record or make a party's arguments for it. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

The Court will dismiss the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th

Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

    **IT IS ORDERED** that this case is **DISMISSED without prejudice.**

    **IT IS ALSO ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 31, 2017, is **DENIED as moot.**

                                                 _____
                                              **UNITED STATES DISTRICT JUDGE**